# UNITED STATES DISTRICT COURT FOR THE NORTHERN DISTRICT OF FLORIDA PANAMA CITY DIVISION

STEFAN STEWART,

     Plaintiff,

v.                                 Case No.  5:26-cv-27-TKW/MJF

RICKY DIXON, *et al.*,

     Defendants.

_____/

## REPORT AND RECOMMENDATION

Because Plaintiff violated the Local Rules by failing to disclose fully and accurately his litigation history, the District Court should dismiss this case without prejudice.

## BACKGROUND

Plaintiff is a Florida inmate currently confined at the Jackson Correctional Institution. Plaintiff's inmate number is I56401.

On January 29, 2026, Plaintiff initiated this civil action against four employees of the Florida Department of Corrections. Doc. 1. Plaintiff alleges that Defendants violated the Eighth and Fourteenth Amendments.

## A.    Screening of Plaintiff's First Amended Complaint

"Although a pro se litigant's filings are construed liberally, they must comply with procedural rules." *McNair v. Johnson*, 143 F.4th 1301, 1307 (11th Cir. 2025) (citations omitted). "A district court has discretion to adopt local rules that are necessary to carry out the conduct of its business." *Frazier v. Heebe*, 482 U.S. 641, 645 (1987); *see also* 28 U.S.C. § 2071; Fed. R. Civ. P. 83(a). "[L]ocal rules generally reflect the courts' traditional 'authority to manage their own affairs so as to achieve the orderly and expeditious disposition of cases.'" *Reese v. Herbert*, 527 F.3d 1253, 1267–68 (11th Cir. 2008) (quoting *Hoffmann–La Roche, Inc. v. Sperling*, 493 U.S. 165, 172–73 (1989)).

Rule 5.7(A) of the Local Rules of the United States District Court of the Northern District of Florida instructs a *pro se* prisoner bringing suit under 42 U.S.C. § 1983 to use the court's standardized civil-rights complaint form:

> A party not represented by an attorney must file any of these only on a form available without charge from the Clerk or on the District's website: a petition for a writ of habeas corpus, a motion for relief under 28 U.S.C. § 2255, or a

complaint in a civil-rights case. A case is a civil-rights case if it asserts a claim under the United States Constitution or a statute creating individual rights, including, for example, 42 U.S.C. § 1983 or the Civil Rights Act of 1964. The Court need not—and ordinarily will not—consider a petition, motion, or complaint that is not filed on the proper form.

N.D. Fla. Loc. R. 5.7(A).

The complaint form, in turn, instructs the inmate to disclose his litigation history. In particular, under a heading titled "**PRIOR LITIGATION**," the form provides the following directive:

> ***This section requires you to identify your prior litigation history. Be advised that failure to disclose all prior state and federal cases—including, but not limited to civil cases, habeas cases, and appeals—may result in the dismissal of this case. You should err on the side of caution if you are uncertain whether a case should be identified.***

Compl. Form at 8. The form goes on to state that the inmate should *"[a]ttach additional pages as necessary to list all cases."* *Id.* at 12. Separately, the form requires the inmate to provide the following "**CERTIFICATION**":

> I declare, under penalty of perjury, that all of the information stated above and included on or with this form, including my litigation history, is true and correct.

*Id.*

Local Rule 41.1 describes the consequences of a litigant's failure to comply with the applicable court rules, and it expressly warns that dismissal is a possible sanction:

> If a party fails to comply with an applicable rule or a court order, the Court may strike a pleading, dismiss a claim, enter a default on a claim, take other appropriate action, or issue an order to show cause why any of these actions should not be taken.

N.D. Fla. R. 41.1.

## B.      **Plaintiff's Responses to Questions on the Complaint Form**

Plaintiff provided answers to Section VIII of the civil rights complaint form which requires Plaintiff to disclose his litigation history. Doc. 1 at 12–16. The complaint form asks three questions:

> A. Have you had any case in federal court, including federal appellate court, dismissed as frivolous, as malicious, for failure to state a claim, or prior to service?
>
> B. Have you filed other lawsuits or appeals in ***state or federal court*** dealing with the same facts or issue involved in this case?
>
> C. Have you filed any other lawsuit, habeas corpus petition, or appeal in ***state or federal court*** either challenging your conviction or relating to the conditions of your confinement?

*Id.* at 13–14. Additionally, the complaint form instructs that if the answer is "yes" to any of these questions, then the plaintiff must disclose all responsive cases. *Id.*

Plaintiff responded, "No" to each question and did not disclose any cases. *Id.* At the end of the civil rights complaint form, Plaintiff signed his name after certifying: "I declare, under penalty of perjury, that all of the information stated above and included on or with this form, including my litigation history, is true and correct." *Id.* at 16–17. Thus, Plaintiff has in effect stated that at the time he filed this lawsuit, he never filed any appeal challenging his underlying conviction.

## C.     **Plaintiff's Omissions**

The undersigned takes judicial notice that at the time Plaintiff filed his complaint in this case on January 26, 2026, Plaintiff had filed *at least* two appeals that Plaintiff was required to disclose.

On April 14, 2018, Plaintiff filed an appeal to the Fourth District Court of Appeal challenging his conviction in Broward County Case No. 17-3419CF10A. *Stewart v. State of Florida*, No. 4D18-1259, 2020 WL

376106 (Fla. 4th Dist. Ct. App.). On January 23, 2020, the Court of Appeals affirmed the conviction. *Id.*

Additionally, on July 31, 2024, Plaintiff filed an appeal to challenge his conviction in Broward County Case No. 17-3419CF10A, and on August 22, 2024, Plaintiff filed a petition. *Stewart v. State of Florida*, No. 4D2024-1966 (Fla. 4th Dist. Ct. App.). On August 29, 2024, the Fourth District Court of Appeals denied the petition.

These appeals were responsive to Question C on the complaint form because they were appeals that challenged Plaintiff's conviction.[1] By failing to disclose these prior appeals, Plaintiff violated the complaint form's explicit instructions and Plaintiff's duty of candor to the District Court. *See Kendrick v. Sec'y, Fla. Dep't of Corr.*, No. 21-12686, 2022 WL

---

[1] Plaintiff disclosed that he attempted to file a third appeal while in administrative confinement. Doc. 1 at 9. Specifically, he states "due to the . . . recent confinement in a special housing unit at M.T.C. Graceville, the plaintiff was unable to effectively file an appeal to the appellate courts, seeking relief from the order denying Plaintiff's motion to correct an illegal sentence, which was issued in Broward County Case No. #1700419CF10A." *Id.* at 9. Even under a liberal reading, this statement cannot be construed as disclosing either of the appeals identified above insofar as the two appeals were *filed and dismissed* well before September 2, 2025, when Plaintiff was placed in administrative confinement.

2388425, at *3 (11th Cir. July 1, 2022) (noting that *pro se* litigants "owe

the same duty of candor to the court as imposed on any other litigant").

**D.      The Materiality of Plaintiff's Omissions**

Courts have recognized that information regarding a plaintiff's

litigation history is useful to federal courts:

> [I]t allows efficient consideration of whether the prisoner is entitled to pursue the current action under the "three strikes" provision of the [PLRA]; it allows consideration of whether the action is related to, or otherwise should be considered in conjunction with or by the same judge who presided over, another action; it allows consideration of whether any ruling in the other action affects the prisoner's current case. All of these things are appropriately considered in connection with the preliminary review of such a complaint under the [PLRA].

*Spires v. Taylor*, No. 3:00-cv-249-RH, Order of Dismissal, Doc. 10 (N.D.

Fla. Oct. 27, 2000). Also, this "information may assist a court in

identifying suits that are repetitious of prior or pending lawsuits and

hence frivolous." *In re Epps*, 888 F.2d 964, 969 (2d Cir. 1989); *see Bilal v.

Driver*, 251 F.3d 1346, 1350 (11th Cir. 2001) (noting that, in assessing

frivolousness, courts may consider "a litigant's history of bringing

unmeritorious litigation"). Additionally, because prisoner-plaintiffs

generally proceed *pro se,* information regarding a plaintiff's litigation

history assists district courts in determining the plaintiff's experience and familiarity with the legal terrain.

"Federal courts have both the inherent power and the constitutional obligation to protect their jurisdiction from conduct which impairs their ability to carry out Article III functions." *Procup v. Strickland*, 792 F.2d 1069, 1073 (11th Cir. 1986) (per curiam); *In re Martin-Trigona*, 737 F.2d 1254, 1261–62 (2d Cir. 1984). Courts also have "a responsibility to prevent single litigants from unnecessarily encroaching on the judicial machinery needed by others." *Procup*, 792 F.2d at 1074. Requiring prisoner-plaintiffs to divulge their record of litigation serves all these compelling interests. Thus, to conserve judicial resources and effectively manage their dockets, courts may require prisoner-plaintiffs to disclose their litigation history. *See Smith v. Psychiatric Sols., Inc.*, 750 F.3d 1253, 1262 (11th Cir. 2014).

The time that district courts are required to expend to verify the cases a plaintiff has filed but failed to identify can be considerable. This is especially true in this case where a plaintiff has filed cases in other jurisdictions and under additional inmate numbers. When courts cannot

rely on the statements or responses made by parties, the quality of justice is threatened. Courts, therefore, cannot tolerate false or misleading responses in pleadings or motions.

Here, as detailed above, Plaintiff falsely responded to a question on the complaint form and violated the Local Rules by failing to disclose his full litigation history as required by the complaint form. Plaintiff knew from reading the complaint form that he was required to disclose all appeals that e. *See* Doc. 10 at 12, 14–15. Plaintiff also knew that the penalty for failing to disclose his federal litigation history was dismissal. *Id*. at 12; N.D. Fla. Loc. R. 41.1 (warning that the failure to follow an applicable rule is a ground for "dismiss[al] [of] a claim.").

There is no excuse for Plaintiff's failure to respond truthfully to the questions on the complaint form. The questions are straightforward and easily understandable. *See Kendrick*, 2022 WL 2388425, at *3 (noting that the questions on the court-form are not complicated and a plaintiff's *pro se* status was not an excuse for failing to honestly answer the straightforward questions). Plaintiff is in a superior position to know whether he filed cases or appeals, and if so, in which courts he had filed

those cases and appeals. Furthermore, it is "inconceivable that he would forget that he appealed his underlying conviction. *McReynolds v. Lyles*, No. 1:23-CV-212-AW-MJF, 2026 WL 267456, at *1 (N.D. Fla. Feb. 2, 2026). Nonetheless, if he did not have the information, he could (and should) have requested it from the appropriate clerks' offices before filing a new case. *Washington v. Dyas*, 5:22-CV-285-TKW-MJF, 2023 WL 359508, at *1 (N.D. Fla. Jan. 23, 2023).; *see* Fed. R. Civ. P. 11(b)(3) (By signing and presenting a pleading to the court, an "unrepresented party certifies that to the best of the person's knowledge, information, and belief, *formed after an inquiry reasonable under the circumstances* . . . the factual contention have evidentiary support.") (emphasis added). Alternatively, he could have included a disclaimer. But he did not. Instead, he made a false representation to this court that he had never filed any appeal challenging his underlying conviction.

The District Court, therefore, should not allow Plaintiff's false response to go unpunished. A penalty is warranted both to deter Plaintiff from such conduct and to deter others from similar misrepresentations and omissions. *See Strickland v. United States*, 739 F. App'x 587, 588

(11th Cir. 2018) ("A sanction less than dismissal would signal that a failure to disclose filings is an infraction without consequence. It would invite other prisoners to omit their litigation history, thus draining the judicial system's time and resources."). If Plaintiff suffered no penalty for his untruthful response, there would be little or no disincentive for Plaintiff's attempt to evade or undermine the purpose of the form.

## E.    <u>The Appropriate Sanction Is Dismissal Without Prejudice</u>

When a complaint form requires a plaintiff to list his litigation history, and the plaintiff's statements are made under penalty of perjury, a plaintiff's affirmative misrepresentation regarding his litigation history warrants dismissal of the case under the district court's inherent authority to manage its docket and enforce applicable local rules. *McNair*, 143 F. 4th at 1308 ("Dismissal without prejudice was an appropriate exercise of the district court's inherent authority to manage its docket and enforce the local rules. [Plaintiff] violated the local rules by failing to disclose his full litigation history, as required by the duly adopted standard complaint form."); *see also Sears v. Haas*, 509 F. App'x 935, 936 (11th Cir. 2013).

An appropriate sanction for Plaintiff's violation of the Local Rules by failing to comply with the complaint form's explicit instructions is to dismiss this case without prejudice. *McNair*, 143 F.4th at 1308; *see also id.* at n.4 ("[A] dismissal without prejudice doesn't depend on a finding of bad faith, and can follow from unintentional or merely negligent conduct.").

Because Plaintiff alleges that the incidents giving rise to his claims occurred between September 2, 2025, and December 31, 2025, Florida's four-year statute of limitations likely would not preclude Plaintiff from refiling this action. *Shelton v. Rohrs*, 406 F. App'x 340, 341 (11th Cir. 2010).

## F. No lesser Sanction Would Suffice

A sanction less than dismissal would not suffice to deter Plaintiff's conduct. For example, providing Plaintiff yet another opportunity to amend his complaint to disclose the previous lawsuits would equate to overlooking his abuse of the judicial process, because that course of action would entail no penalty. *See Young v. Sec'y for Dep't of Corr.*, 380 F. App'x 939, 940–41 (11th Cir. 2010) (district court did not abuse its discretion by

denying leave to amend the complaint so that the plaintiff could disclose lawsuits that should have been disclosed initially); *Harris v. Warden*, 498 F. App'x 962, 964–65 (11th Cir. 2012).

**CONCLUSION**

For the reasons set forth above, the undersigned respectfully **RECOMMENDS** that the District Court:

1.	**DISMISS** this case **without prejudice** for Plaintiff's failure to comply with the Local Rules.

2.	**DIRECT** the clerk of the court to enter judgment accordingly and close this case file.

At Pensacola, Florida, this <u>26th</u> day of February 2026.

/s/ *Michael J. Frank*
**Michael J. Frank**
**United States Magistrate Judge**

**NOTICE TO THE PARTIES**

**The District Court referred this case to a magistrate judge to make recommendations regarding dispositive matters. *See* 28 U.S.C. § 636(b)(1)(B), (C). Objections to these proposed findings and recommendations must be filed within fourteen days. A party who fails to object to this report and recommendation waives the right to challenge on appeal the District Court's order based on unobjected-to factual and legal conclusions. *See* 11th**

**Cir. R. 3-1; 28 U.S.C. § 636. The parties also are advised that if they dispute the accuracy of any judicially-noticed fact, or if they otherwise wish to be heard on the propriety of the District Court taking judicial notice of that fact, they must raise this issue in an objection to this report and recommendation.**